UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MEMORYWEB, LLC,<br><br>           Plaintiff,<br><br>      v.<br><br>APPLE, INC.,<br><br>           Defendant. | Case No.  21-cv-09839-VC<br><br>**ORDER DENYING MOTION TO LIFT STAY**<br><br>Re: Dkt. No. 81 |

    The motion to lift the stay is denied because the appeals to the Federal Circuit are still pending. This ruling assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

    This case was stayed pending the completion of challenges at the PTAB regarding the various patents asserted. MemoryWeb argues that two changed circumstances warrant lifting the stay: First, the PTAB proceedings regarding the '020 Patent and the '376 Patent are complete—the PTAB has had its final word. Second, MemoryWeb asserts that it will not continue to pursue its claims based on the '658 Patent and the '228 Patent, which are still awaiting final resolution by the PTAB. Stays have sometimes been lifted under similar circumstances. *Compare generally, e.g.*, *Oyster Optics, LLC v. Ciena Corp.*, No. 17-CV-05290-JSW, 2019 WL 472948 (N.D. Cal. Sept. 23, 2019) *with Neodron, Ltd. v. Lenovo Group, Ltd.*, No. 19-CV-05644-SI, 2020 WL 6585797 (N.D. Cal. Nov. 10, 2020).

    However, the PTAB's final decisions regarding the '020 Patent and '376 Patent are currently on appeal to the Federal Circuit, which cuts against lifting the stay at this point. Maintaining the stay still has the potential to "simplify the issues in question and trial of the case." *Robert Bosch Healthcare Systems, Inc. v. Cardiocom LLC*, No. 14CV-01575-EMC, 2017

WL 6939167, at *1 (N.D. Cal. Mar. 16, 2017). The Federal Circuit may overturn part or all of each of the PTAB's decisions. It would be a waste of resources for both the parties and the Court to conduct discovery, engage in motion practice, prepare for trial, and so on, only for the Federal Circuit to rule on the appeal and render all of that work irrelevant or inadequate. And MemoryWeb has not identified any undue prejudice that it would suffer as a result of the stay remaining in place until the Federal Circuit appeals are resolved. It notes only that it will have to wait longer to enforce its patent rights. Dkt. No. 81 at 10. But "mere delay, without more [ ], does not demonstrate undue prejudice." *Evolutionary Intelligence, LLC v. LivingSocial, Inc.*, No. 13-CV-04205-WHO, 2014 WL 2735185, at *3 (N.D. Cal. June 16, 2014). There is no assertion that, for example, the plaintiff competes with the defendant in the product market. Thus, here, the potential of Federal Circuit decisions simplifying the issues outweighs the identified harms of maintaining the stay.[1]

If the Federal Circuit resolves the appeals involving the '020 Patent and the '376 Patent before the PTAB completes its proceedings regarding the '658 Patent and the '228 Patent, then MemoryWeb will presumably offer to dismiss its claims under latter patents so that the stay on the former two patents can be lifted. The question will then become whether lifting the stay should be conditioned on dismissal of those claims with prejudice or merely without prejudice. Courts have disagreed about this as well. *Compare, e.g.*, *Largan Precision Co. v. Motorola Mobility LLC*, No. 21-CV-09138-JSW, 2023 WL 3510388, at *3 (N.D. Cal. May 16, 2023) *with Neodron, Ltd. v. Lenovo Group, Ltd.*, No. 19-CV-05644-SI, 2020 WL 6585797, at *2 (N.D. Cal. Nov. 10, 2020). This Court is tentatively of the view that, at least on this record, the stay should remain in place until proceedings relating to all four patents are completed, absent an agreement by MemoryWeb to dismiss the claims relating to the '658 Patent and the '228 Patent with prejudice. But there is no need to decide that question now.

**IT IS SO ORDERED.**

---

[1] This analysis holds true even if the probability of a reversal is relatively low. Dkt. No. 81 at 9.

Dated: November 16, 2023

_____
VINCE CHHABRIA
United States District Judge